J-S37021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAHIEN ALLEN | |
| Appellant | No. 2207 MDA 2013 |

Appeal from the Judgment of Sentence entered November 6, 2008
In the Court of Common Pleas of Lackawanna County
Criminal Division at No: CP-35-CR-0002257-2007

BEFORE:  LAZARUS, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:  **FILED AUGUST 20, 2014**

Shahien Allen, a/k/a Shaheed McWilliams, appeals *nunc pro tunc* from the judgment of sentence imposed after he pleaded guilty to criminal use of a communications facility. Appellant's counsel has filed an **Anders**/**Santiago**[1] brief and petitioned to withdraw as counsel. We affirm and grant the petition to withdraw.

On October 10, 2007, Appellant pleaded guilty to one count of criminal use of a communications facility, 18 Pa.C.S.A. § 7512(a). On November 6, 2008, he was sentenced to 18 to 60 months in prison. We dismissed

---

[1] **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Appellant's direct appeal for Appellant's counsel's failure to file a docketing statement.[2] Appellant then filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. As relief, the trial court restored Appellant's appellate rights, and he appealed the judgment of sentence *nunc pro tunc* to this Court. Counsel directs our attention to one issue: a challenge to the effectiveness of Appellant's guilty plea counsel.[3]

Before we address that issue, we must consider counsel's petition to withdraw from representation. To withdraw under **Anders** and **Santiago**, counsel must (1) petition this Court for leave to withdraw after certifying that a thorough review of the record indicates the appeal is frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) give the appellant a copy of the brief and advise the appellant of the right to obtain new counsel or file a *pro se* brief to raise any additional points for review. **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005). Additionally, the **Anders**/**Santiago** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;

_____

[2] Counsel later testified that Appellant had requested withdrawal of the appeal. N.T. PCRA Hearing, 11/18/13, at 6, 10.

[3] By way of explanation, Appellant had two lawyers in addition to current counsel. Appellant's first attorney, privately retained, withdrew from representation after he was charged with crimes by the federal government that ultimately led to his disbarment. Appellant's second attorney represented him at sentencing, post-sentence, and on the initial direct appeal.

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

We find that counsel has met the procedural and technical requirements of *Anders* and *Santiago*. Counsel has petitioned for leave to withdraw,[4] filed a brief that refers us to anything that might support the appeal, and informed Appellant of his right to hire a new lawyer or file a *pro se* response. Furthermore, counsel's brief complies with the technical

_____

[4] Counsel appears to misapprehend the nature of the current proceedings. His petition seeks leave to withdraw under *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.3d 213 (Pa. Super. 1988) (*en banc*). *Turner*/*Finley*, however applies only in post-conviction proceedings and appeals therefrom. *See, e.g., Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). Under *Turner*/*Finley*, counsel seeking to withdraw need only file a motion and a "no-merit letter." *Id.* In contrast, counsel may withdraw on direct appeal only if the appeal is "wholly frivolous." *See Commonwealth v. Burwell*, 42 A.3d 1077, 1080 (Pa. Super. 2012). Also, counsel must file an *Anders*/*Santiago* brief, the requirements of which are more formalistic and arduous than a no-merit letter. *Id.*; *see also Widgins*, 29 A.3d at 817 n.2 (noting that an *Anders* brief "provides greater protection to a defendant" than a no-merit letter).

This proceeding is a direct appeal *nunc pro tunc*—not a collateral post-conviction appeal. Therefore, *Anders* and *Santiago*—not *Tuner*/*Finley*—apply. Counsel's confusion notwithstanding, we find that the brief and petition to withdraw sufficiently comply with *Anders* and *Santiago*.

requirements of **Santiago** listed above. Appellant has filed a *pro se* response, as is his right. We will address Appellant's response after we resolve the one issue preserved in the **Anders**/**Santiago** brief.

The sole issue raised challenges the effectiveness of guilty-plea counsel. We find that it is wholly frivolous. Generally, a defendant cannot raise claims of ineffective assistance of counsel on direct appeal. **Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002). Rather, a court may entertain ineffectiveness claims on direct review only if (1) the defendant waives further review under the PCRA and (2) two limited circumstances exist, neither of which is present here. **See Commonwealth v. Holmes**, 79 A.3d 562, 577-78 (Pa. 2013). By successfully seeking restoration of appellate rights, Appellant has not expressly waived further PCRA review.[5] Thus, the claim is not reviewable on direct appeal.

_____

[5] We are puzzled as to why Appellant's counsel sought restoration of Appellant's right to a direct appeal only to advance a claim that cannot be raised on direct appeal. As a result, Appellant must file another PCRA petition, and re-litigate the exact claim that we dismiss here. That re-litigation will require the appointment of another lawyer, because the next PCRA petition will be considered as Appellant's first. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 944 (Pa. Super. 2003). Nothing obligated counsel to seek restoration of Appellant's appellate rights. This is especially so since Appellant wanted to raise only PCRA claims (ineffective assistance of counsel and the legality of his sentence). **See Holmes**, 79 A.3d at 576 n.9 (noting that defendants who want to raise only ineffectiveness claims may forgo a direct appeal and file a PCRA petition); **Commonwealth v. Fowler**, 903 A.2d 586, 592 (Pa. Super. 2007) (noting that a challenge to the legality of a sentence is non-waivable and can be raised for the first time in a timely PCRA petition).

As noted above, Appellant filed a *pro se* response to counsel's letter informing Appellant of the petition to withdraw. In the letter, Appellant states:

> [Counsel] raised one issue out of all that were contained in the P.C.R.A., and the issue that would have been one of the most effective was not raised. And that issue is of me being eligible for [Recidivism Risk Reduction Incentive (RRRI)] due to the fact that I was sentenced on January 19th, 2009 and the RRRI effective date was November 24th, 2008. See, Memorandum of Law in support of P.C.R.A. petition. I stated strongly to [counsel] that I want this issue raised as well as others but he insisted that this was a meritless issue, when it wasn't. I ask that this [C]ourt take all issues raised in the P.C.R.A. which is on file into consideration and make your judgment based on that which I have requested be contained in the P.C.R.A.

Re: To Attorney[] Kurt T. Lynott['s] Petition to Withdraw as Counsler [sic] of Record Pursuant to **Turner Finley** Letter Brief Filed on or About March 24th, 2014, 7/21/14, at 1.

Appellant's contention regarding his alleged RRRI eligibility is frivolous. Appellant correctly states that the RRRI act became effective on November 24, 2008. **See Commonwealth v. Robinson**, 7 A.3d 868, 870 n.1 (Pa. Super. 2010) (citing Act of Sept. 25, 2008, P.L. 1026, No. 81 § 9). He is incorrect, however, regarding his sentencing date, which was November 6, 2008—not January 19, 2009. Numerous documents in the certified record, including the written judgment of sentence, confirm the date.[6] Appellant

---

[6] Appellant's incorrect belief may stem from the notice of appeal filed by his second lawyer, *i.e.*, the initial appeal that we dismissed, which erroneously lists the date of the judgment of sentence as "January 21, 2009."

- 5 -

could not have been RRRI eligible because RRRI did not exist when he was actually sentenced.[7]

Appellant's request to consider all of the claims raised in his PCRA is premature. Appellant's remaining claims challenge the effectiveness of prior counsel. This Court cannot review claims of ineffective assistance of counsel on direct appeal. *Holmes*, 79 A.3d at 576; *Grant*, 813 A.2d at 738. Appellant may be entitled to review of his PCRA claims, but he must first file another PCRA petition. *See Karanicolas*, 836 A.2d at 944.

We find counsel's petition to withdraw and *Anders*/*Santiago* Brief compliant. Having further reviewed the record and Appellant's *pro se* response, we find that this appeal is wholly frivolous. Therefore, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

_____

[7] In *Robinson*, 7 A.3d at 870, we held that the RRRI act can apply retroactively, meaning to cases where the defendant committed the crimes leading to the conviction and sentence before the RRRI act's effective date. The defendant in *Robinson* was sentenced after the RRRI act's effective date. *Id.* at 870, 873 ("Accordingly, it is our determination that application of the RRRI statute to a defendant *who was convicted and sentenced after the law became effective*, as is the case with [Robinson], does not violate the restrictions set on the retroactive effect of statutes.") (emphasis added).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014